J. A. PRITCHETT, EXECUTOR OF THE WILL OF LEWIS W. THOMPSON, JR., PLAINTIFF v. WILLIAM C. THOMPSON, BURGESS U. WHITE-HEAD, LEWIS WHITEHEAD, JOSEPH GREENE WHITEHEAD, THOMAS WHITMEL GRIFFIN, MARGARET URQUHART GRIFFIN, CHARLES B. GRIFFIN, JR., MARY BOND GRIFFIN JACKSON, BURGESS U. GRIFFIN, BURGESS URQUHART, JR., THOMAS M. URQUHART, EMILY M. URQUHART AYSCUE, RICHARD A. URQUHART, JR., KATE FENNER URQUHART, WILLIAM E. URQUHART, MARY LOCKHART J. McMURRAN, JAMES P. JOHNSON, ANNE JANET JOHNSON SHEPHERD, THOMAS GRIFFIN JOHNSON, JOHN S. JOHNSON, JOHN GRIFGIN MARSHALL, CHARLES M. MARSHALL, JAMES DAVID MARSHALL, ROBERT LEE MARSHALL, JOHN SCOTT BRITTON, TEMPERANCE G. BRITTON, THELMA LEWIS BRITTON, MARY DOE (A DAUGHTER OF HUNTER GRIFFIN, CORRECT NAME UNKNOWN), ELIZABETH HARRELL BAZEMORE, JEAN WHITEHEAD CURRY, P. E. WALTERS, ELEANOR VIRGINIA OLIVER GOODWIN, SALLIE CORA EASON NORFLEET, THOMAS B. SLADE III, RICHARD G. SLADE, MARY WARD SLADE PURVIS, DEFENDANTS

No. 746SC736

(Filed 20 November 1974)

**Wills § 73— no determination of beneficiaries during life of life tenant — subsequent death of life tenant**

    Trial court's dismissal of plaintiff's action to determine distribution of testator's estate on the ground that such adjudication during the life of the life tenant would be premature is reversed where the life tenant died pending the appeal from the dismissal.

APPEAL by defendant, Sallie Cora Eason Norfleet, from *Martin (Perry), Judge,* 20 May 1974 Session of Superior Court held in BERTIE County.

Heard in Court of Appeals 26 September 1974.

Plaintiff, as executor of the Will of Lewis W. Thompson, Jr., brings this action under the Declaratory Judgment Act,

G.S. 1-255 et seq., to obtain instructions concerning the distribution of the estate of Lewis W. Thompson, Jr., with particular reference to a determination of the beneficiaries who would be entitled to share on his father's side. The entire Will reads as follows:

"I L. W. Thompson, Jr. do make this my last will:

"I want my debts and all expenses paid. Then I give to my uncle W. C. Thompson for his life all my real estate and the income from my personal property for life. At his death ½ of my estate shall be given to my nearest next of kin on my father's side, and the other ½ to the nearest of kin on my mother's side, and this shall include the children of my Two deceased uncles. I do hereby appoint J. A. Pritchett as my executor and revoke all wills I have made before.

"This the 23rd April, 1973.

s/ L. W. Thompson, Jr. (SEAL)"

Several of the defendants who claim to be beneficiaries filed answers setting out their respective claims to the estate, and other defendants made motions to dismiss the action pursuant to Rule 12(b)(6), Rules of Civil Procedure, contending that there could be no adjudication of the rights of the parties during the life of the life tenant, W. C. Thompson.

After examining the Will and the pleadings and hearing argument, the court found:

"[T]he court being of the opinion therefore that an adjudication herein during the life of said life tenant, W. C. Thompson, would be premature and ineffective and consequently no determination or declaration can be made as to the persons entitled to said remainder interests until after the death of said life tenant."

and granted the motions to dismiss.

From the judgment of dismissal, defendant Sallie Cora Eason Norfleet has appealed.

*Gillam & Gillam, by M. B. Gillam, Jr., for defendant appellant Sallie Cora Eason Norfleet.*

*White, Hall, Mullen & Brumsey, by Gerald F. White, and Griffin & Martin, by Hugh M. Martin, for defendant appellees Burgess U. Whitehead and other defendants listed in statement.*

State v. Brissenden

BALEY, Judge.

While this appeal was pending, the life tenant, W. C. Thompson, uncle of Lewis W. Thompson, Jr., died on the 4th day of October, 1974, and stipulation to this effect signed by counsel for all parties has been filed in this Court as a part of the record. Since the outstanding life estate has now terminated, the reason assigned by the trial court for dismissal of the action no longer obtains. Without passing on the merits of this appeal, the judgment of dismissal is reversed, and the cause is remanded to the Superior Court for a determination of the rights of the parties.

Reversed and remanded.

Judges BRITT and HEDRICK concur.